IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HUBERT SEATON, | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1321 |
| JUDGE JACK SKEEN, JR. | § | |

ORDER OF DISMISSAL

Plaintiff Hubert Seaton, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit against Judge Jack Skeen, a state judge in Smith County, Texas. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the lawsuit should be dismissed with prejudice. Mr. Seaton has filed objections.

**Standard of Review and Reviewability**

Where a magistrate judge's report has been objected to, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72. *See also* 28 U.S.C § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). During a *de novo* review, a court examines the entire record and makes an independent assessment of the law. When no objections are filed, plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc* ).

**Discussion and Analysis of Plaintiff's Objections**

The Report concluded that the lawsuit should be dismissed with prejudice because Mr. Seaton failed to meet the requirements of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A Plaintiff who brings a civil suit for actions the unlawfulness of which would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent Plaintiff could potentially bring a civil action against Judge Skeen, he must first show that his convictions or sentences were reversed, expunged, invalidated or otherwise called into question. Seaton has not satisfied the *Heck* requirements. Seaton did not object to the Report's finding regarding the *Heck* requirement; therefore, the findings and conclusions regarding this issue are not subject to *de novo* review.

The Report also concluded that Judge Skeen had absolute immunity in this case. *See* Report and Recommendation at 2. (Dkt. # 5). Mr. Seaton alleges in his brief objection that the Honorable Jack Skeen Jr., the judge who presided over his criminal case in Smith County, "had no legal jurisdiction whatsoever....there is no absolute immunity". *See* Objections at 1. (dkt. # 13).

The Fifth Circuit held "that it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, . . ." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judges have absolute immunity for their decisions as judges. *Cleavinger v. Saxner*, 474 U.S. 193, 499-500 (1985); *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has repeatedly held that judges are absolutely immune for all judicial acts not performed in clear absence of all jurisdiction. *Mitchell v. McBryde*, 944 F.2d 229, 228 (5th Cir. 1991). *See Barnes v. City of Universal City*, 51 F. App'x 482 (5th Cir. 2002) (municipal judges enjoy absolute immunity for judicial acts

2

performed in judicial proceedings). Despite Seaton's conclusory statement to the contrary, Judge Skeen had jurisdiction of the criminal case. Therefore, Judge Skeen has absolute immunity in this case.

## Conclusion

In conclusion, the complaint fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The lawsuit will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections adequately raised by Mr. Seaton to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Seaton's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.§1915(b)(1). All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
Apr 16, 2017

_____
Ron Clark, United States District Judge